UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN AUGUSTINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11CV2251 CDP |
| | ) |
| BANK OF AMERICA, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff John Augustine originally filed a complaint in the Circuit Court of St. Charles County, Missouri. Plaintiff alleges a claim for quiet title against all defendants. He also alleges a claim for slander of title against defendant Bank of America, and separate violations of the Fair Debt Collection Practices Act (FDCPA) against all defendants. Defendant Kozeny & McCubbin, P.C. and defendants Bank of America, N.A. (Bank of America) and The Bank of New York Mellon Corporation (Bank of New York) filed motions to dismiss the complaint. Because defendants have not shown that plaintiff's allegations fail to state a claim as a matter of law for the quiet title and slander of title claims, I will deny defendants' motions to

dismiss the complaint as to those counts. However, I will grant defendants' motions to dismiss the FDCPA claims and remand the case to Missouri state court.

## Background

According to his complaint, plaintiff John Augustine is the owner in fee simple of real property located at 134 Diekamp in St. Charles, Missouri. On April 25, 2005, plaintiff executed a deed of trust in favor of Americas Wholesale Lender, purporting to secure a promissory note signed by plaintiff. On November 19, 2010, defendant Bank of New York recorded or caused to be recorded an Appointment of Successor Trustee document with the St. Charles County Recorder of Deeds, assigning defendant Kozeny & McCubbin as successor trustee. On September 1, 2011, an assignment of the deed of trust was filed the with the St. Charles County Recorder of Deeds, assigning the deed of trust to defendant Bank of New York.

The real property located at 134 Diekamp was scheduled for a foreclosure sale on October 12, 2011, but the sale did not occur. Plaintiff filed this complaint in the Circuit Court of St. Charles County on October 4, 2011, asserting as the basis for his claims that defendants Bank of America and Bank of New York were not the original lenders nor proper holders of the promissory note so as to have the power to appoint defendant Kozeny & McCubbin as successor trustee. Further, he

asserted that because Kozeny & McCubbin was not lawfully appointed as successor trustee, it did not have the right to threaten foreclosure or schedule a foreclosure sale of the property.  The original state court petition alleged the same actions for quiet title and slander of title as are now alleged, but it also included a claim under the Missouri Merchandising Practices Act rather than the Fair Debt Collection Practices Act.

All defendants filed motions to dismiss the state court petition.  After a hearing on December 12, 2011, the trial court granted the motions to dismiss, but granted plaintiff leave to file a more definite statement on the quiet title and slander of title counts within 14 days of the order.  On December 20, 2011, plaintiff filed his amended petition in Missouri state court, which added the FDCPA claims.  Because of those federal question claims, defendants timely removed the case to this court.

## Discussion

Defendants have moved to dismiss this case for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff.  *Neitzke v.*

*Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570; *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010). Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In considering whether a claim is plausible, a district court may begin by identifying which of plaintiff's allegations are mere legal conclusions; the court may disregard those conclusions, because they "are not entitled to the assumption of truth." *Id.* at 1950. The court may then consider the remaining nonconclusory factual allegations to determine whether they give rise to a plausible claim. *Id.*

**I.    Count I: Quiet Title**

Under Missouri law, an individual may bring a statutory cause of action to determine his or her interest in real property and quiet another party's title to that land. Under that statutory provision,

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo. Rev. Stat. § 527.150(1). "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996).

Defendants argue that plaintiff cannot show superior title because his allegations rely solely on the premise that defendants lacked the authority to assign a successor trustee and schedule a foreclosure sale, rather than on his own superior interest. They characterize his argument as a "show me the note" theory, which claims that someone other than the original lender cannot initiate foreclosure on the property unless he or she can produce the original note, and which has been held inadequate to prove superior title by a number of courts. *See Hobson v. Wells Fargo Home Mortg*, No. 2:11-CV-10 AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011). Plaintiff argues in response that he has superior title to that of defendants because he claims to own the property in fee simple, and

although he concedes that his interest in the property is subject to the deed of trust, his interest will still be superior to that of defendants if they have no interest in the property at all by virtue of an unlawful assignment.

After reviewing plaintiff's complaint and the parties' arguments, I conclude that Augustine has alleged sufficient factual detail for me to plausibly conclude that his interest may be superior to that of defendants.  Missouri law follows the lien theory regarding mortgages, which means that "a grantor in a deed of trust does not convey the title to a trustee, but creates a lien on the land to secure the payment of debt, and that the grantor continues the owner of the land until entry for breach of the condition of the deed of trust."  *R.L. Sweet Lumber Co. v. E.L. Lane, Inc.*, 513 S.W.2d 365, 369 (Mo. 1974) (citation and internal quotation marks omitted).  As applied to Augustine, this means that he still holds legal title to his property, but his interest is subject to a lien held by the mortgagee, which was originally Americas Wholesale Lender.  A plaintiff in a quiet title action need only prove the superiority of his title against that of the defendants, not against that of the whole world.  *See, e.g.*, *Ollison*, 916 S.W.2d at 203.  Thus, if plaintiff is correct that defendants were not lawfully entitled to appoint a successor trustee and initiate foreclosure on the property by virtue of the absence of a legal assignment of the deed of trust or note, his interest would, in fact, be superior to

that of the defendants.  The defendants have not raised facts sufficient to defeat that plausible claim by attaching any assignments of the deed of trust or underlying note, whether they were recorded or unrecorded.  The only thing they have produced in moving to dismiss the complaint is the assignment of the successor trustee, defendant Kozeny & McCubbin, but that does not prove the validity of the initial assignment to Bank of New York or Bank of America.  Therefore, plaintiff's complaint has alleged sufficient facts that, if taken as true, raise a plausible claim for quiet title.

Defendant Kozeny & McCubbin raises a further argument that even if plaintiff has stated a plausible claim for quiet title, Kozeny & McCubbin should be dismissed because of its status as merely a trustee holding no interest in the property.  Kozeny & McCubbin argues that "while ordinarily all parties to a transaction or instrument sought to be invalidated should be made parties, this is not true if, 'it is obvious that the one not joined has no interest whatever in the subject matter of the suit.'" *Williams v. Kimes*, 25 S.W.3d 150, 158 (Mo. 2000). However, Kozeny & McCubbin neglects the context surrounding this statement of law: "While the trustee is a proper party in a suit involving the deed of trust, she is not a necessary party." *Id.*  I agree that Kozeny & McCubbin, as trustee, may not be a necessary party to this suit, but it is still a proper party.  According to the

appointment of successor trustee document, if valid, Kozeny & McCubbin possesses "all of the rights and powers of the original trustee . . . with full power and authority to execute said trust." (Doc. #6, Exh. 1). These rights and powers undermine the assertion that Kozeny & McCubbin has "no interest whatever" in the real property in this case. Therefore, this argument also fails, and I will deny defendants' motions to dismiss Count 1 for quiet title.

## II.   Count II:  Slander of Title

To establish a claim for slander of title under Missouri law, a plaintiff must prove: "(1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that he suffered pecuniary loss or injury as a result of the false statement." *Lau v. Pugh*, 299 S.W.3d 740, 748-49 (Mo. Ct. App. 2009). Defendants Bank of America and Bank of New York argue that plaintiff fails to state a claim for slander of title because he does not allege that any published words were false. They also argue that an action asserting both quiet title and slander of title are irreconcilably inconsistent because one cannot slander title that has not yet been formally adjudicated.

I conclude that plaintiff has alleged sufficient facts to raise a plausible claim for slander of title. The only element disputed by defendants is the third element: the falsity of published words. Plaintiff alleges that the false words that were

- 8 -

published were the words appointing Kozeny & McCubbin as successor trustee. He alleges that the banks were not lawful holders of the note or deed of trust, so they could not lawfully appoint a successor trustee. As discussed in the quiet title analysis above, defendants have not conclusively shown that they were lawful holders of the note by producing any assignment documents. Therefore, plaintiff has raised sufficient facts for a plausible claim that these words were false because defendants may not have had the power to appoint a successor trustee, in which case those words of appointment would have been false.

Furthermore, defendants argue that slander of title and quiet title counts cannot be adjudicated in the same lawsuit. They cite *In re Idella M. Fee Revocable Trust* for the proposition that "[a] cause of action for slander of title will not lie for a record owner's refusal to acquiesce in a claimant's alleged ownership prior to adjudication of that party's interest by quiet title." *In re Idella M. Fee Revocable Trust*, 142 S.W.3d 837, 842-43 (Mo. Ct. App. 2004). However, defendant's reliance on that case is misplaced. In *Idella*, the defendant was indisputably the record owner of property because she acquired a warranty deed for property; the dispute was whether an earlier conveyance that was vacated by the court invalidated that record title. *Id.* On the other hand, in this case, defendants have not established that they had the power to convey this property

- 9 -

because, as discussed above, they did not provide any proof of earlier assignments on the note or deed of trust.  There is no inherent inconsistency in a plaintiff attempting to adjudicate his or her title in property, while also seeking damages for slander of such title once it is established.  Therefore, defendants' alternative argument to dismiss the slander of title count fails, and I will deny defendants' motion to dismiss Count II.

**III.    Counts III and IV:  FDCPA Claims as to all Defendants**

The Fair Debt Collection Practices Act (FDCPA) is a federal statute designed to prohibit debt collectors from employing harassing, false, deceptive, misleading, or otherwise unfair or unconscionable means to collect debt.  *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  It further limits this definition by stating that "any officer or employee of a *creditor* while, in the name of the *creditor*, [is] collecting debts for such *creditor*," does not qualify as a "debt collector."  15 U.S.C. § 1692a(6)(A) (emphases added).  Many courts have thus held that parties seeking to enforce a

security interest, such as a deed of trust, are not seeking to collect money, and thus are not debt collectors under the FDCPA.  *See, e.g.*, *Shahid v. Litton Loan Servicing, L.P.*, No. 4:07CV1300 HEA, at 10-11 (E.D. Mo. Jan. 25, 2008) (collecting cases).

Defendants Bank of America and Bank of New York rely on the argument that parties seeking to enforce a secured interest are not debt collectors. Defendant Kozeny & McCubbin argues that plaintiff has not alleged that it has engaged in any deceptive action.  Plaintiff responds, similarly to his previous arguments, that because defendants were not lawful holders of the note or deed of trust or lawful appointed trustees, they engaged in deceptive actions by threatening plaintiff with foreclosure.

I agree with defendants that plaintiff has not alleged sufficient facts to raise a plausible claim under the FDCPA as to any of the defendants.  Plaintiff's only factual contentions underlying the FDCPA claims are that the defendants threatened him with foreclosure of the property, which constituted deceptive action if they did not have the right to lawfully initiate foreclosure proceedings on the property.  Plaintiff does not explain how the defendants threatened him, other than commencing a foreclosure proceeding – perhaps wrongly.  This contention supports his claims of wrongful foreclosure and slander of title, but it does not

provide a factual basis for a claim under the FDCPA. *See, e.g.*, *Henderson v. S & W Foreclosure Corp., et al.*, No. 1:11CV169 HEA, 2012 WL 43505, at *3 (E.D. Mo. Jan. 9, 2012) (holding that merely sending foreclosure notices does not constitute enforceable action under the FDCPA); *Lansing v. Wells Fargo Bank, N.A.*, No. 11-3132, 2011 WL 6754083, at *2 (D. Minn. Dec. 23, 2011) (dismissing a claim under the FDCPA against an assignee of plaintiff's mortgage because plaintiff pleaded no facts regarding the dates of default of the mortgage and assignment, since only assignment after default will render an assignee a "debt collector" under the statute); *Siegel v. Deutsche Bank Nat'l Trust Co.*, No. 8:08CV517, 2009 WL 3254491, at *4 (D. Neb. Oct. 8, 2009) (dismissing a claim under the FDCPA based on defendants' actions in foreclosing on plaintiffs' home because foreclosing on a home is not debt collection, and plaintiffs did not allege any abusive collection practices). Adopting plaintiff's interpretation of the scope of the FDCPA would automatically create a federal issue under the FDCPA in any state action for wrongful foreclosure. I do not believe that the FDCPA, by its terms and application, is intended to have such an expansive reach, and I will therefore grant defendants' motions to dismiss Counts III and IV of plaintiff's complaint.

## IV. Remaining Claims

Since Counts III and IV of plaintiff's complaint fail to state federal claims upon which relief may be granted, the only remaining claims are the plaintiff's wrongful foreclosure and slander of title claims under Missouri state law. A federal district court has discretion to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (citation omitted); *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) ("[F]ederal courts should exercise judicial restraint and avoid state law issues whenever possible." (internal quotation marks and citation omitted)). Having determined that plaintiff has failed to state any federal claims, I conclude that Missouri state court is a better forum to adjudicate the remaining state-law claims set forth in plaintiff's complaint. Therefore, I will remand this case to the Circuit Court of St. Charles County, Missouri, for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kozeny & McCubbin's motion to dismiss [#5] is GRANTED only as to count III and DENIED in all other repects.

**IT IS FURTHER ORDERED** that the motion of defendants Bank of America and Bank of New York Mellon Corporation to dismiss [#11] is GRANTED only as to count IV and DENIED in all other respects.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Charles County, Missouri.

_____  
CATHERINE D. PERRY  
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2012.